**Electronically Filed
Intermediate Court of Appeals
30368
23-FEB-2012
08:10 AM**

NO. 30368

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STEVE DAVIS, Claimant-Appellant,
v.
JAYAR CONSTRUCTION, INC., Employer-Appellee,
and
JOHN MULLEN AND COMPANY, INC., Insurance Adjuster-Appellee.


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2003-509 (2-02-11752))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Claimant-Appellant Steve Davis (Davis) appeals from a November 12, 2009 order approving attorney's fees and costs and a February 2, 2010 order denying Davis's motion for reconsideration of the order approving attorney's fees and costs, both issued by the Labor and Industrial Relations Appeals Board (LIRAB). The LIRAB's orders approved fees and costs incurred by Davis's counsel, but did so as a lien against compensation payable by Employer-Appellee Jayar Construction, Inc., (Jayar), rather than as directly payable by Jayar.

On appeal, Davis's sole point of error is that the LIRAB erred in not holding Jayar liable for the fees and costs on appeal "as the non-prevailing party." Jayar counters that the

LIRAB correctly ruled because Jayar "prevailed on the crucial issue on appeal."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Davis's point of error as follows:

Davis contends that the costs of the appeal proceedings before the LIRAB should have been assessed against Jayar under Hawaii Revised Statute § 386-93(b) (2011), which states:

> If an employer appeals a decision of the director or appellate board, the costs of the proceedings of the appellate board or the appellate court, together with reasonable attorney's fees, shall be assessed against the employer if the employer loses; provided that if an employer or an insurance carrier, other than the employer who appealed, is held liable for compensation, the costs of the proceedings of the appellate board or the appellate court, together with reasonable attorney's fees, shall be assessed against the party held liable for the compensation.

(Emphasis added). For fees and costs to be awarded against Jayar, the statute thus requires that an "employer appeals" and that the "employer loses."

In this case, there is no dispute that Jayar is the employer and that it appealed from the Decision issued by the Director of the Department of Labor and Industrial Relations (DLIR) on October 7, 2003. The question is whether Jayar lost its appeal before the LIRAB. Resolving this issue turns on whether Jayar prevailed "on the crucial issue." See Mitchell v. BWK Joint Venture, 57 Haw. 535, 551, 560 P.2d 1292, 1301 (1977); Yamada v. Royal Hawaiian Macadamia Nut Co., 5 Haw. App. 521, 524-25, 704 P.2d 914, 916-17 (1985). The LIRAB correctly determined that Jayar did not lose its appeal.

Davis was involved in a work accident on August 23, 2002, wherein he fell from a machine and struck his head. Subsequently, eight months later on April 23, 2003, he experienced an episode of left-sided numbness, headaches, loss of

2

balance, and drifting to the left while walking, which has been described in the record as hemiparesis or a transient ischemic attack (TIA). The Director's Decision on October 7, 2003 concluded, in pertinent part, that:

> Regarding claimant's 4/23/2003 hemiparesis and neurological work up, the Director determines that this condition is causually [sic] related to 8/23/2002 work injury. . . .
>
> Regarding the matter of TTD, the Director determines that [Davis] is disabled for work beginning 5/1/2003 on an open-ended basis less the statutory three-day waiting period. . . . The Director concludes that [Davis'] 4/23/2003 hemiparesis was work related.

Jayar appealed from the Director's decision and on December 1, 2003, filed its initial conference statement, identifying the issues as "1. [w]hether the transient ischemic attack of April 23, 2003 is causally related to the August 23, 2002 industrial accident" and "2. [w]hat is the extent of temporary total disability attributable to the industrial accident August 23, 2002." The LIRAB's Pretrial Order dated December 9, 2003 thereafter identified the "issues to be determined" as:

> a.   Whether the symptoms Claimant experienced on or about April 23, 2003 are causally related to the work injury of August 23, 2002.
>
> b.   What is the period of temporary total disability [TTD] resulting from the work injury of August 23, 2002.

Thereafter, several remands to the DLIR took place to address certain issues, and when the case was back before the LIRAB further amended pretrial orders were issued. As ultimately addressed in the LIRAB's Third Amended Pretrial Order dated February 25, 2005, and reflected in the LIRAB's Decision and Order dated June 13, 2006, the issues on appeal before the LIRAB were:

> (1)   Whether Claimant's transient ischemic attack ("TIA") or left-sided hemiparesis experienced on or about April 23, 2003, was causally related to the work injury of August 23, 2002; and

3

(2) What is the period of temporary total disability ("TTD") resulting from the work injury of August 23, 2002.

The parties agreed to waive an evidentiary hearing and to submit the case on the record and simultaneous written memoranda. In its "Post Hearing Brief" filed April 17, 2006, Jayar argued that (1) the April 23, 2003 TIA was not causally related to the August 23, 2002 industrial accident, (2) no liability existed for medical care for the April 23, 2003 incident which was not causally related to the August 23, 2002 industrial accident, (3) no TTD was due from May 4, 2003 to July 21, 2003, which period was attributable to the April 23, 2003 incident, and (4) Jayar should receive a credit for the TTD paid from May 4, 2003 through July 21, 2003. Jayar's conclusion stated:

> Based on the overwhelming evidence that Claimant's April 23, 2003 incident was not causally related to his August 23, 2002 industrial accident, Employer/Adjuster respectfully requests that the [LIRAB] find and determine that the Director erred in finding that Claimant's April 23, 2003 incident was causally related to Claimant's August 23, 2002 industrial accident, and that the Director erred in finding that Employer/Adjuster was liable for related medical care and TTD related to Claimant's April 23, 2003 incident.

On June 13, 2006, the LIRAB issued its Decision and Order in which the LIRAB stated:

> [W]e reverse the Director to conclude that Claimant's TIA or left-sided hemiparesis on April 23, 2003, was not causally related to the August 23, 2002 work injury. We modify the Director's decision on the period of TTD resulting from the August 23, 2002 work injury.

The LIRAB concluded: (1) that the TIA was not causally related to the August 23, 2002 work injury; and (2) that Davis was entitled to TTD from June 28, 2003, on an open-ended basis as a result of the August 23, 2002, work injury, but that Davis was not entitled to TTD benefits for May 1, 2003 to June 24, 2003, because that period was attributable to the TIA, which was not causally related to the August 23, 2002 work incident.

4

No further appeal was taken from the LIRAB's June 13, 2006 Decision and Order and thus it was the final determination as to Jayar's appeal of the Director's Decision.

Based on the record in this case, the issues raised by Jayar in its appeal from the Director's Decision, and the Decision and Order issued by the LIRAB on Jayar's appeal, we conclude that Jayar prevailed on the crucial issue in its appeal. See Mitchell, 57 Haw. 535, 560 P.2d 1292; Yamada, 5 Haw. App. 521, 704 P.2d 914. That is, Jayar prevailed given the LIRAB's reversal of the Director's determination that the TIA or left-sided hemiparesis on April 23, 2003, was causally related to the August 23, 2002 work accident, and further, the LIRAB's determination not to award TTD benefits for the period attributable to the TIA.

THEREFORE,

IT IS HEREBY ORDERED that the LIRAB's November 12, 2009 order approving attorney's fees and costs as a lien on compensation payable by Jayar, and the February 2, 2010 order denying Davis's motion for reconsideration, are affirmed.

DATED:  Honolulu, Hawaiʻi, February 23, 2012.

On the briefs:

Robin R. Horner
(RRH & Associates)
for Claimant-Appellant

Sidney J.Y. Wong
Colette H. Gomoto
(Wong & Oshima)
for Employer-Appellee and
Insurance Adjuster-Appellee

Chief Judge

Associate Judge

Associate Judge

5